UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTE DENZEL SMITH,

       Petitioner,

                                          Case No. 11-cv-13530

v.

                                          Honorable George Caram Steeh

CAROL HOWES,

       Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY AND
VACATING THE ORDER REQUIRING A RESPONSIVE PLEADING**

Petitioner Deonte Denzel Smith has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition challenges Smith's convictions for armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  Smith was sentenced to two years in prison for the felony firearm conviction, followed by concurrent terms of six years, nine months to twenty years for the armed robbery conviction and one to five years for the felon-in-possession conviction.  The Michigan Court of Appeals affirmed his convictions in an unpublished opinion*, see People v. Smith*, No. 286954, 2009 WL 5194522 (Mich. Ct. App. Dec. 17, 2009), and on May 25, 2010, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  *See People v. Smith*, 486 Mich 929 (2010).

Smith filed his habeas corpus petition on August 12, 2011.  He alleges that (1) the trial court deprived him of due process by denying his motion for an adjournment to gather

data in support of his defense, (2) he was denied his right to a fair trial by the use of a suggestive photo array, and his right to counsel at the array was violated, (3) he was denied his right to effective assistance of counsel, and (4) there was insufficient evidence to support his convictions.

Smith recently filed a motion to stay these proceedings. He alleges that he has newly-discovered exculpatory evidence. The new evidence is an affidavit from someone who supposedly was a principal actor in the crime for which Smith was convicted and who states that Smith was not involved in the crime. Smith seeks a stay so that he can exhaust state remedies for this claim.

"District courts . . . ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal and end citations omitted). Under the "stay and abeyance" approach taken by some courts, federal district courts may hold a habeas petition in abeyance while the petitioner pursues state remedies for previously unexhausted claims; after the petitioner exhausts state remedies, the district court may lift the stay and allow the petitioner to proceed in federal court. *Id.* at 275-276. Stay and abeyance are permissible when there was good cause for the petitioner's failure to exhaust his claims first in state court, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

Smith's new claim is not plainly meritless, and the fact that the evidence is newly-discovered explains why Smith failed to raise the claim in state court before filing his habeas corpus petition. Furthermore, Smith is not engaged in abusive litigation tactics. The Court therefore concludes that it would not be an abuse of discretion to stay this case.

Accordingly, Smith's motion to stay these proceedings and to hold his habeas petition in abeyance [dkt. #4] is **GRANTED**, and the order requiring a responsive pleading on or before February 21, 2012 [dkt. #3] is **VACATED**.

The Court's stay is conditioned on Smith raising his new claim in the trial court in a motion for relief from judgment, *see* Michigan Court Rule 6.502, within **fifty-six (56) days** of the date of this order. If Smith is unsuccessful in the trial court, he may appeal the trial court's decision to the Michigan Court of Appeals, *see* Mich. Ct. R. 6.509(A), and to the Michigan Supreme Court, *see* Mich. Ct. R. 7.302.

Thereafter, if Smith still wants to pursue federal habeas corpus remedies, he must file an amended habeas corpus petition and a motion to re-open his case. The amended petition and motion to re-open this case must have the same case number and caption that appear on this order, and the documents must be filed within **fifty-six (56) days** of exhausting state remedies for Smith's new claim. The Clerk of Court shall close this case for administrative purposes, and this closing shall not be construed as a dismissal with prejudice or as an adjudication of Smith's exhausted claims.

Dated: December 12, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2011, by electronic and/or ordinary mail and also to Deonte Smith at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.
S/Josephine Chaffee
Deputy Clerk